UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYMOND LUIS AVILA,

           Plaintiff,

vs.                          Case No.   2:08-cv-113-FtM-29DNF

SGT. JOHNATHAN REYES, DEPUTY JOHN
DOE, DEPUTY ROBINSON, SHERIFF JOHN
DOE and UNKNOWN PARTIES,

           Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of Defendants' Dispositive Motion to Dismiss and Motion for Summary Judgment and Memorandum of Law (Doc. #29, Motion) filed July 18, 2008[1]. The Court advised Plaintiff that the Motion referred to matters outside the four corners of the Complaint, and advised Plaintiff how to respond to a dispositive motion brought pursuant to Fed. R. Civ. P. 56. See Order of Court dated July 31, 2008 (Doc. #30). Plaintiff filed a Declaration in Opposition to Defendants' Motion (Doc. #31,

---

[1] Defendants' Dispositive Motion to Dismiss and Motion for Summary Judgment (Doc. #28) will be denied as moot based on the second filing on the same day to add an attachment.

Declaration)[2] and Brief in Support (Doc. #32) on August 22, 2008. This matter is now ripe for review.

## I.

Plaintiff, Raymond Luis Avila, who is proceeding *pro se* and is currently confined within the Florida Department of Corrections, has pending before the Court a civil rights complaint form filed pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint) in connection with events that occurred, on or about January 8, 2007 through January 12, 2007, while Plaintiff was confined at Hendry County Jail. Complaint at 8.[3]  Plaintiff seeks compensatory and punitive damages in the amount of $4 million. Id. at 22.

Defendants seek dismissal of the Complaint on the grounds that Plaintiff failed to avail himself of and/or exhaust the administrative remedies that are available at Hendry County Jail. Motion at 1.  Defendants attach to their Motion a copy of the Affidavit of Major Susan English, Jail Administrator of the Hendry County Sheriff's Office (Doc. #29-2).  Attached to and referenced

---

[2]Plaintiff submitted a declaration rather than an affidavit. Affidavits are sworn to before a notary public or other official, whereas unsworn declarations are not. In this instance, however, the declaration by Plaintiff was declared under penalty of perjury. Thus it may be considered as evidence in support of his opposition to Defendants' Motion. Under 28 U.S.C. § 1746, unsworn declarations which are in writing and which are subscribed by the declarant "as true under penalty of perjury, and dated" can be treated with like force and effect as sworn declarations and affidavits.

[3]The page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

in Major English's Affidavit are the following documents: copy of Inmate Grievance Procedure (Exhibit A); a blank copy of an Inmate Request/Complaint Form (Exhibit B); and a copy of the Office of the Hendry County Sheriff's Inmate Handbook (Exhibit C).

## II.

The Prison Litigation Reform Act (hereinafter "PLRA"), which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility **until such administrative remedies as are available are exhausted.**

42 U.S.C. § 1997e(a)(emphasis added).

The PLRA's exhaustion requirement is intended to: (1) "eliminate unwarranted federal-court interference with the administration of prisons," (2) "'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case,'" and (3) "'reduce the quantity and improve the quality of prisoner suits.'" Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006)(quoting Porter v. Nussle, 534 U.S. 506, 524-25 (2002)) (internal footnote and citations omitted). As a result of the PLRA, consideration of "[e]xhaustion is no longer left to the discretion of the district court, but is

mandatory." Woodford, 126 S. Ct. at 2382; (referencing Booth v. Churner, 532 U.S. 731, 739 (2001)). See also Bryant v. Rich, 530 F.3d 1368, 1372 (11th Cir. 2008).  Additionally, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. Woodford, 126 S. Ct. at 2382; Nussle, 534 U.S. at 532; Booth, 532 U.S. at 741.  Inmates, however, "are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 127 S. Ct. 910, 921 (2007). Rather, pursuant to the PLRA, failure to exhaust administrative remedies is an affirmative defense. Id.

"[T]he PLRA exhaustion requirement requires **full** and **proper** exhaustion."[4]  Woodford, 126 S. Ct. at 2387 (emphasis added). Accordingly, in Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit, noting the "policies favoring exhaustion," held that the PLRA contains a procedural default component which arises where an inmate fails to avail himself in a timely fashion of an institution's administrative process. Id. at 1156, 1159, cert. denied, Johnson v. Meadows, 126 S. Ct. 2978 (2006).  Thus,

---

[4] "[A] prisoner should include as much relevant information as he reasonably can in the administrative grievance process." Brown v. Sikes, 212 F.3d 1205, 1207-1208 (11th Cir. 2000).

where an inmate's grievance is denied because of a failure to timely pursue all of administrative remedies, that inmate is barred from bringing a federal action on that claim since the inmate cannot demonstrate full exhaustion of remedies. See id. at 1158.

Whether an inmate has exhausted his available administrative remedies is a factual issue that is properly made by the court. Bryant v. Rich, 530 F.3d at 1374. Thus, "[e]ven though a failure-to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: Exhaustion of administrative remedies is a matter in abatement, and ordinarily does not deal with the merits." Id. (footnote, internal quotations, and citations omitted). The defense of exhaustion is properly raise in a motion to dismiss as a "matter of judicial administration." Id. 1375-76. Thus, the court is permitted to look beyond the pleadings to decide disputed issues of fact in connection with the exhaustion defense. Id. at 1377 n.16.

### III.

Plaintiff's claims stem from his confinement in Hendry County Jail. Complaint at 8. At the time of the alleged incidents, the Hendry County Sheriff's Office had established an inmate grievance procedure for all inmates in their custody. English Aff. at 2, ¶5, Exh. A. The process provides that an inmate may initiate an informal complaint to resolve a grievance. Id. at ¶6; Exh. A, §

III(A).  Alternatively, an inmate may resolve a grievance by completing a formal written complaint form that he obtains from the shift commander.  Id. at ¶6, Exh. A, § III (B).  "The inmate shall give the completed form to the officer who will provide a signed receipt."  Exh. A, § III (E).  After an initial investigation by the shift commander, the formal complaint form is forwarded to the jail administrator.  English Aff. at ¶6, Exh. A, § III(B)(9). After review by the jail administrator, a determination is made as to the complaint's legitimacy.  Exh. A, § III(B)(2).  The jail administration maintains a monthly computerized log of formal complaints filed.  Id. at § III(D).  A copy of the final decision is forwarded to the inmate.  Id. at § III(B)(1).  If an inmate is dissatisfied with the results of the grievance, an appeal to the jail administrator shall be made with five (5) days of the receipt of the response.  Id. at § III(G). Receipt of the appeal is acknowledged by jail officials, within even (7) days, excluding weekends and holidays.  Id.  If an inmate fears repercussions from filing a written complaint, the inmate may file a grievance directly to the jail administrator office through the mail.  Id. at § III(H).  Copies of all completed complaints, grievances and appeals are filed in the inmate's file maintained in the Jail. English Aff. at ¶8; Exh. A, §III(A).  All inmates are advised of the availability of a grievance process in the Inmate Handbook.

Id., Exh. C at ¶32. Plaintiff was provided a copy of the Inmate Handbook. English Aff. at ¶5.

Plaintiff claims that he "filed a formal complaint using the complaint form available requesting an internal affairs investigation." Complaint at 4, § III(C). In the factual narrative of his claim, Plaintiff states that he "submitted a written complaint" on January 9, 2007. Id. at 16. Plaintiff alleges that "this written complaint was never answered." Id. Notably, Plaintiff does not attach a copy of the "written complaint" that he claims he submitted to jail officials, but does attach a copy of a letter allegedly written on January 16, 2007 to the Department of Insurance advising them of the incident and stating that a "copy of the complaint is attached herewith." Id. at 23.

Defendants refute Plaintiff's allegations that he submitted a grievance or complaint form concerning the incidents giving rise to his claims set forth in the Complaint. Motion at 6. At the time of the alleged incidents, Major English was the jail administrator. English Aff. at 2, ¶4. English attests to the fact that Plaintiff never used the inmate grievance procedure during his time at Hendry County Jail or anytime thereafter.[5] Id. at ¶9. As

---

[5] Plaintiff was transferred from Hendry County Jail on January 12, 2007.

the jail administrator, English would have received a copy of Plaintiff's written complaint after investigation by the shift commander. Id. at ¶6. Further, Major English submits that "[Plaintiff] never spoke or otherwise communicated to [her] as Jail Administrator about any of the actions complained of in his Complaint." Id. at ¶9.

In his Declaration filed in opposition to Defendants' Motion, Plaintiff claims that he witnessed an unidentified deputy place his complaint in Major English's mailbox. Declaration at 2, ¶3. Further, Plaintiff states that he saw Major English empty the mailbox on January 11, 2007 and read his complaint. Id. In fact, Plaintiff claims that he spoke with Major English about the complaint and asked her to initiate an internal affair investigation, to which she replied "I haven't read the reports as of yet, we'll see." Id. Additionally, Plaintiff claims that he did not file an appeal because he "was not at the facility long enough to present an appeal." Id. at ¶4.

Generally questions of credibility and fact are normally for a jury and not the court. McCormick v. City of Fort Lauderdale, 333 F.2d 1234, 1240, n.7 (11th Cir. 2003). Nonetheless, this Court is to act as the fact finder in connection with exhaustion issues; and, thus must make certain credibility determinations in order to determine whether this matter should proceed further on the merits.

Bryant v. Rich 530 F.3d at 1374, n.7-n9. Upon review of the Complaint, the exhibits attached thereto, the Defendants' Motion with supporting affidavit and exhibits, and Plaintiff's Declaration, the Court finds that Defendants have demonstrated that Plaintiff has not availed himself of and fully exhausted the grievance procedures at the Hendry County Jail prior to initiating this action. The Court finds particularly persuasive the fact that Plaintiff can not produce any evidence, other than his own slef-serving statements, that he submitted a "written complaint" to jail officials on January 9, 2007. If indeed Plaintiff had submitted a formal complaint, the officer to whom he handed the complaint would have provided Plaintiff with a signed receipt form. Exh. A, § III(E). Although Plaintiff attaches a copy of a letter he wrote to the Department of Insurance in which he claims he is providing the Department of Insurance with a copy of the complaint, he fails to provide a copy of the subject complaint to the Court. Plaintiff apparently had a copy of the subject complaint when he left Hendry County Jail, but did not attach it to his Complaint to demonstrate exhaustion as directed. See Complaint at 4, § III(C)(3). Nor does Plaintiff offer any explanation as to why he did not, or can not, produce a copy of the complaint he allegedly submitted to jail officials and eventually provided to the Department of Insurance. Further, Plaintiff does not suggest that if afforded discovery he

would be able to produce evidence that he submitted a complaint to the Hendry County jail officials. Additionally, the Court finds suspect Plaintiff's assertions made for the first time in his Declaration that the complaint was placed into Major English's mailbox, read by Major English, and in fact discussed with Major English. Plaintiff makes no such allegations in his Complaint. Even assuming that Plaintiff did file a formal complaint, Plaintiff admits that he did not file an appeal in connection with his claim because he was transferred from Hendry County Jail a few days afterwards. Plaintiff's transfer does not relieve him of the PRLA's exhaustion mandate because the administrative remedies still remained "available" to Plaintiff. <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1325-26 (11th Cir. 1998). Consequently, the Court finds that based upon the record Plaintiff has not availed himself of and fully exhausted the grievance procedures at the Hendry County Jail in connection with the claims set forth in his Complaint.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendants' Dispositive Motion to Dismiss and Motion for Summary Judgment (Doc. #28) is **DENIED** as moot.

2. Defendants' Dispositive Motion to Dismiss and Motion for Summary Judgment and Memorandum of Law (Doc. #29) is **GRANTED.**

3.  Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice** pursuant to 42 U.S.C. § 1997e.[6]

4.  The **Clerk of Court** shall: (1) terminate any pending motions; (2) enter judgment accordingly, and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __20th__ day of November, 2008.

*John E. Steele*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

---

[6]This dismissal is without prejudice since it appears that Hendry County Jail does not impose a time limitation on the filing of grievances. In particular, "[i]t is the policy of the Hendry County Jail that a grievance may be initiated by any inmate at anytime . . . ." Exh. C at ¶32.

-11-